UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION RESORTS INC. and WYNDHAM RESORT DEVELOPMENT CORPORATION,**

        Plaintiffs,

v.

Case No: 6:21-cv-1937-CEM-EJK

**DVD II GROUP, LLC, KEVIN KNASEL, JASON PRIDE, SCOTT MONTGOMERY, MONTGOMERY & NEWCOMB, LLC, and TODD NEWCOMB,**

        Defendants.

## ORDER

This cause comes before the Court on Defendants DVD II Group, LLC, and Jason Pride's ("Defendants") Motion to Compel Production of Documents Responsive to First Request for Production (Doc. 92), filed November 23, 2022. Plaintiffs responded in opposition. (Doc. 95.) Upon consideration, the Motion is due to be granted in part and denied in part.

Defendants move to compel Plaintiffs to produce documents responsive to Defendants' First Request for Production. In general, the requests at issue seek documents that underlie the various allegations made in Plaintiffs' Complaint. Plaintiffs objected to Requests 1–3, 17–18, 21–24, 26–27, 29, 32–33, 38, and 39, but indicated that they would produce documents. (Doc. 92 at 2.) As to Requests 4, 5, 7,

9–15, 19–20, 25, 28, 30, and 31, Plaintiffs objected but indicated they have no responsive documents. (*Id.*) Defendants state that Plaintiffs have not produced responsive documents to Requests 1–3, 17–18, 21–24, 26–27, 29, 32–33, 38, and 39. (*Id.*) Defendants further state that Plaintiffs have not confirmed whether they are withholding documents under the objections asserted in response to Requests 4, 5, 7, 9–15, 19–20, 25, 28, 30, and 31.

Federal Rule of Civil Procedure 26(b)(1) governs the scope of permissible discovery. The rule states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Plaintiffs principally object to Requests 1–5, 7, 9–15, 17–33, and 38's use of the phrase "reflect, demonstrate, or evidence"[1] as overbroad and irrelevant. The Court finds this objection persuasive. Such broad wording would include numerous irrelevant and cumulative documents as responsive. Therefore, the Court will sustain those objections relating to Requests 1–5, 7, 9–15, 17–33, and 38. Plaintiffs should otherwise produce relevant, responsive, non-privileged documents to Defendants.

Accordingly, it is **ORDERED** as follows:

1. Defendants' Motion to Compel Production of Documents Responsive to First Request for Production (Doc. 92) is **GRANTED IN PART and DENIED IN PART**.

---

[1] Requests 27 and 28 use only the phrase "demonstrate." (Doc. 92-2 at 19.)

2. The Motion is **DENIED** insofar as Plaintiffs' objections to the phrasing "reflect, demonstrate or evidence" in Requests 1–5, 7, 9–15, 17–33, and 38 is **SUSTAINED**. The Motion is **GRANTED** to the extent that Plaintiffs **SHALL** produce all relevant, responsive, non-privileged documents to the Requests **on or before December 22, 2022,** and otherwise confirm no additional responsive documents are being withheld.

**DONE** and **ORDERED** in Orlando, Florida on December 8, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE