UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION RESORTS INC. and WYNDHAM RESORT DEVELOPMENT CORPORATION,**

          Plaintiffs,

v.                                              Case No: 6:21-cv-1937-CEM-EJK

**DVD II GROUP, LLC, KEVIN KNASEL, and JASON PRIDE,**

          Defendants.

**ORDER**

This cause comes before the Court on Defendants' Time-Sensitive Motion to Compel Production of Documents Responsive to the Fourth Request for Production (the "Motion") (Doc. 108), filed April 20, 2023, and Plaintiffs' Motion for a Protective Order (Doc. 111), filed April 24, 2023. Upon consideration, the Motion is due to be granted in part and denied in part, and the Motion for a Protective Order will be denied.

Defendants move to compel documents responsive to their Fourth Request for Production. (Docs. 108; 108-2.) First, Defendants seek a copy of the settlement agreement(s) between Plaintiffs and former Defendants, Montgomery & Newcomb, LLC, Scott Montgomery, and Todd Newcomb (collectively, "M&N") in both this case and other cases. Defendants assert that the settlement agreements are relevant to set-

off and to establish Defendants' defenses to Plaintiffs' Lanham Act and civil conspiracy claims. (Doc. 108 at 2.) Plaintiffs object to this request, asserting that the settlement agreements in other cases are not relevant in any event, and the settlement agreements in this case are not relevant "unless and until [Plaintiffs] obtain[ ] a judgment that is subject to set-off." (Doc. 108-2 at 2, 3, 5.)

Federal Rule of Civil Procedure 26(b) provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). However, Rule 26(c) also provides "[t]hat the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . ." Fed. R. Civ. P. 26(c). Defendants, as the ones seeking discovery, have the burden to show the relevance of the documents sought. *U.S. Equal Emp. Opportunity Comm'n v. Choate Constr. Co., Inc.*, No. 3:08-cv-910-J-34MCR, 2009 WL 10672925, at *2 (M.D. Fla. Aug. 21, 2009).

As to the settlement agreements, Defendants point to *Northstar Moving Holding Co., Inc. v. King David Van Lines*, wherein the court ordered production of the settlement agreement between the plaintiff and a former defendant in the same case, finding it was "relevant to the issues of bias and potential damages," including set-off. No. 19-62176-CIV-DIMITROULEAS/SNOW, 2021 WL 9794638, at *2 (S.D. Fla. Sept. 27, 2021). Moreover, the court ordered the production of the settlement agreement prior to the entry of a final judgment. *Id.*; *accord Pitt v. Hilton Grand Vacations Inc.*, No. 6:22-cv-139-PGB-LHP, 2022 WL 17251510, at *3 n.2 (M.D. Fla. Nov. 28, 2022). But

- 2 -

Plaintiffs cite to *McKinney v. Balboa Insurance Co.*, which found that production of a settlement agreement was not relevant to the issue of set-off until after liability was determined. No. 8:13–cv–1118–T–24AEP, 2013 WL 12106204, at *2 (M.D. Fla. Nov. 1, 2013).

The Court agrees with Plaintiffs that Defendants have failed to articulate the relevance of settlement agreements between Plaintiffs and M&N in other cases. Therefore, Defendant's Motion will be denied on that basis. As to the relevancy and timing of disclosure of the settlement agreements with M&N in this case, and recognizing that the Middle District has handled these issues in different ways, the undersigned finds that the settlement agreements with M&N in this case are relevant to the issue of set-off and should be produced now, rather than post-judgment. Thus, the Motion will be granted in that respect.

Next, Defendants agreed to narrow their original request and now seek "correspondence and communications regarding what information [Plaintiffs] learned from [M&N] relating to Defendants' business practices during the settlement process." (Doc. 108-2 at 6, 8, 10.) Plaintiffs object, asserting this request is overly broad, irrelevant, and protected by the work product privilege. (*Id.*) Defendants point out that Plaintiffs have not produced a privilege log as to the work product objection. (Doc. 108 at 4.)

Defendants have not defined the term "business practices" in their Fourth Request for Production, but Plaintiffs appear to understand Defendants' use of the term in their amended responses. (Doc. 108-2 at 6, 8, 10.) Rather, Plaintiffs object that

Defendants' request, as amended, is broader than Defendants' initial request. The undersigned disagrees. The revised requests seek a specific type of communication with M&N relating to Defendants' business practices, whereas the original request sought all communications pertaining to any settlement agreement. So on that basis, the Court does not find the requests overly broad.

As Defendants stated, the settlement communications are relevant to Defendants' defenses against Plaintiffs' claims under the Lanham Act and for civil conspiracy. For this reason, Plaintiffs will be ordered to produce the requested communications. If any communications contain privileged material, Plaintiffs should produce a privilege log in accordance with the undersigned's Standing Order in re: Procedures for the Assertion of Privilege. As to Plaintiffs' concerns regarding confidentiality, Defendants note that the parties have entered into a confidentiality agreement, which the Court will enforce. (Doc. 108 at 3.) Therefore, the undersigned sees no need for an in-camera review of the settlement communications and documents, as requested in Plaintiffs' Motion for a Protective Order (Doc. 111).

Accordingly, it is **ORDERED** that Plaintiffs' Motion for a Protective Order (Doc. 111) is **DENIED**. It is further **ORDERED** that Defendants' Time-Sensitive Motion to Compel Production of Documents Responsive to the Fourth Request for Production (Doc. 108) is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendants' request for settlement agreements with M&N in other cases is **DENIED**.

2. Defendants' requests for settlement agreements with M&N (Requests 1, 2 and 3 of Doc. 108-2) in this case are **GRANTED**. Plaintiffs' objections are **OVERRULED**. Plaintiff **SHALL** produce the responsive documents to Defendants **by or before 12:00 p.m. EDT on April 27, 2023**.

3. Defendants' requests for correspondence and communications, as amended, (Requests 4, 5, and 6 of Doc. 108-2) are **GRANTED**. Plaintiffs' objections, other than those based on privilege, are **OVERRULED**. Consistent with this Order, Plaintiffs **SHALL** serve any responsive documents **by or before 12:00 p.m. EDT on April 27, 2023**. Any associated privilege log should be produced **on or before May 11, 2023**.

**DONE** and **ORDERED** in Orlando, Florida on April 26, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE