UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WYNDHAM VACATION RESORTS INC. and WYNDHAM RESORT DEVELOPMENT CORPORATION,**

      Plaintiffs,

v.                                           Case No: 6:21-cv-1937-CEM-EJK

**DVD II GROUP, LLC, KEVIN KNASEL, and JASON PRIDE,**

      Defendants.

### ORDER

This cause comes before the Court on Plaintiffs' Short Form Motion to Exceed Deposition Limits (the "Motion") (Doc. 106), filed April 17, 2023. Defendants oppose the Motion. (Doc. 110.) Upon consideration, the Motion is due to be denied without prejudice.

Plaintiffs seek to conduct an additional twenty depositions to depose third-party witnesses. (Doc. 106 at 1.) Plaintiffs assert that fifteen depositions would be timeshare owners affected by Defendants' sales practices and five would be relevant non-timeshare owner third-party witnesses (such as people who Defendants referred timeshare owners to or Defendants' employees who interacted with Wyndham owners). (*Id.*) Plaintiffs further state they will limit the timeshare owners' depositions to three hours each. (*Id.*)

"Generally, prior to moving for leave to take additional depositions the moving party must have both exhausted the ten depositions allowed by Rule 30(a)(2)(A) and justified the need for those depositions already taken." *Orange Lake Country Club, Inc. v. Reed Hein & Assocs., LLC*, No. 6:17-cv-1542-Orl-31DCI, 2018 WL 11346833, at *2 (M.D. Fla. Aug. 21, 2018). "Courts regularly deny motions seeking leave to extend the ten-deposition limit when the moving party has either failed to take the ten depositions presumptively allowed or failed to justify the depositions already taken." *Id.* However, Plaintiffs are correct that "courts may grant additional depositions prior to the exhaustion of the ten depositions if the court has no difficulty in concluding that Plaintiff will require more than 10 depositions." *Id.* (internal quotation marks omitted). Most importantly, "the moving party must make a particularized showing why the extra depositions are necessary and are consistent with the principles stated in Rule 26(b)(2)." *Id.*

As of the filing of the Motion, Plaintiffs have not taken any of their allotted ten depositions. (Doc. 110 at 2.) Additionally, none of the names of the proposed additional deponents have been identified by Plaintiffs. Therefore, while the Court is inclined to allow additional depositions of third-party witnesses, the Court will deny the Motion until Plaintiffs have identified the additional witnesses they wish to depose and have re-conferred with Defendants on those names and the requested number of depositions. Plaintiffs may then renew their Motion, if necessary.

Accordingly, it is **ORDERED** that Plaintiffs' Short Form Motion to Exceed Deposition Limits (Doc. 106) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on May 1, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE